IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRANDT RICHARD CORDIS, | No. CV 06-135-TUC-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

Pending before the Court are Defendant's Motion to Dismiss for failure to state a claim and Motion to Strike Demand For Jury Trial. Neither party has requested oral argument and the Court finds that oral argument would not assist the Court in resolving these matters. Therefore, the Court issues this order based on the record before the Court. *See* LRCiv 7.2(f). For the reasons stated below, the motions are granted.

**I. Standard of Review**

In reviewing a motion to dismiss for failure to state a claim, the Court's review is limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Id.* The issue in a Rule 12(b)(6) motion is

1  whether the complaint pleads facts which, if established, could support a valid claim for
2  relief.  *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989).

3  **II.  Background**

4      Plaintiff Brandt Richard Cordis is a former employee of Clear Channel Communications
5  ("CCC").  Defendant Life Insurance Company of North America ("LINA") provides CCC
6  with a long-term disability ("LTD") policy for CCC's employees. Cordis' Complaint alleges
7  that LINA breached its contractual and fiduciary duties by wrongfully terminating his LTD
8  benefits.  The Complaint also alleges that the LTD policy may be an employee benefit plan
9  governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

10      Plaintiff initially filed suit in Pima County Superior Court.  Defendant then removed the
11  case to the United States District Court for the District of Arizona.  Removal was based in part
12  on Defendant's contention that the LTD policy is part of an employee welfare benefit plan
13  governed by ERISA.  *See* 29 U.S.C. § 1002(1).

14  **III.  Discussion**

15      Pursuant to the motion to dismiss, Defendant argues that the face of Plaintiff's Complaint
16  clearly demonstrates that ERISA applies to the LTD plan in question.  As such, as ERISA
17  governs the LTD plan, Plaintiff's state law claims are preempted by ERISA.  *See Pilot Life*
18  *Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). In response, Plaintiff concedes that the LTD
19  policy is governed by ERISA unless the policy falls within the ERISA safe harbor regulations
20  established by the Secretary of Labor.  Plaintiff's response then summarily states that he may
21  be entitled to discovery to confirm whether the safe harbor provisions are applicable.
22  However, Plaintiff never actually discusses the safe harbor provisions, never addresses why
23  the safe harbor provisions could possibly apply in light of the allegations in the Complaint,
24  or otherwise gives this Court any basis to grant his request for discovery.  In reply, however,
25  Defendant discusses the safe harbor provisions, cites applicable authority, and explains that
26  the allegations in Plaintiff's own Complaint show that the safe harbor provisions are
27  inapplicable in this case.  The Court agrees with the Defendant's position.
28      In defining what is exempt from ERISA, the safe harbor regulations state, in relevant part:

> the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which:
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues check-offs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deduction or dues check-offs.

29 C.F.R. § 2510.3-1(j).

In a series of employee plan benefit cases interpreting the safe harbor clause, the Ninth Circuit has consistently ruled that "an employer's failure to satisfy one of the safe harbor's four requirements conclusively demonstrates that an otherwise qualified group insurance plan is an employee welfare benefit plan subject to ERISA." *Stuart v. UNUM Life Ins. Co. of America*, 217 F.3d 1145, 1150 (9th Cir. 2000). A group insurance plan must meet all four safe harbor criteria in order to be excluded from ERISA coverage. *See id.*

Plaintiff's Complaint states that he obtained LTD coverage as a benefit of his employment and that the LTD plan "is funded completely and solely through the purchase of insurance with periodic premium payments by CCC and Mr. Cordis to LINA." Pl.'s Complaint ¶ 5. Thus, the LTD insurance plan fails to meet at least the first of the safe harbor criteria, and is therefore not exempt from ERISA. Because ERISA governs the LTD insurance program, any state common law claims are preempted. *See Pilot Life Ins. Co.*, 481 U.S. at 45-46. As such, all state law causes of action in the complaint must be dismissed. As already discussed, however, the Complaint obviously states a claim under ERISA, and that portion of the Complaint is still valid.

**IV. Conclusion**

- 3 -

Accordingly IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion to Dismiss is **granted** to the extent it seeks to dismiss the state law claims.

(2) As an ERISA case would proceed as a bench trial, Defendant's Motion to Strike Plaintiff's Demand For Jury Trial is **granted**. *See Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996-997 (9th Cir. 2000) (stating that there is no right to a trial by jury in an ERISA cause of action).

(3) Defendant shall file an **answer to the complaint** within the time specified in the rules of procedure; upon receipt of the answer, the Court shall set a Rule 16 conference.

DATED this 27th day of July, 2006.

_____
Cindy K. Jorgenson
United States District Judge